Benson L. Hathaway, Jr. (Utah Bar No. 4219)
Analise Quinn Wilson (Utah Bar No. 13845)
Jackie Bosshardt (Utah Bar No. 14139)
**KIRTON | McCONKIE**
Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
bhathaway@kmclaw.com
aqwilson@kmclaw.com
jbosshardt@kmclaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN DOWNS, an individual, assistant to the Orem City Manager,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN E. THOMPSON, Utah County Clerk/Auditor; the BOARD OF UTAH COUNTY COMMISSIONERS; and UTAH COUNTY,<br><br>Defendants. | **DEFENDANTS' SUPPLEMENTAL BRIEF RE STANDING AND LEGAL INJURY**<br><br>Case No. 2:17-cv-00330<br><br>Judge Dale A. Kimball<br>Magistrate Judge Evelyn J. Furse |

Pursuant to the Court's request, Defendants Bryan E. Thompson, Board of the Utah County Commissioners, and Utah County (collectively "Defendants"), submit this supplemental brief on the issue of standing and legal injury to plaintiff Steven Downs ("Plaintiff"). Plaintiff has not offered proof of any legal injury and thus lacks standing to bring any of his claims.

I. **DOWNS LACKS STANDING TO BRING ANY OF HIS CLAIMS.**

A. **Legal Standard for Article III Standing**

The federal courts' jurisdiction is limited to definite and concrete cases and controversies touching the parties' legal interests. "[T]he dispute must be 'real and substantial' and request 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Sevier v. Thompson*, No. 2:16-CV-659-DN-EJF, 2018 WL 1378803, at *2 (D. Utah Jan. 26, 2018) (quotation omitted), *report and recommendation adopted*, No. 2:16-CV-00659-DN, 2018 WL 1384475 (D. Utah Mar. 16, 2018). Its role is not "to settle a philosophical dispute rather than an actual legal dispute." *Id.* at *4. In addition, each plaintiff must satisfy the three elements of standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed" by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted). The party invoking federal jurisdiction bears the burden of proof "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. After close of discovery, the invoking party must be able to point to actual evidence, not merely speculation and conjecture, that establishes each element of standing—legal injury, causal connection, and redressability. *Id.*

### B. Downs Has Not Suffered a Cognizable Injury.

#### a. Legally cognizable injury defined.

The most common examples of a "concrete and particularized," "actual or imminent" injury include tangible losses of property or liberty, such as payment of a fine or being subject to incarceration. In the context of civil fines, it is imperative that the putative violator has actually paid the fine or is being required to pay. *Rector v. City & Cty. of Denver*, 348 F.3d 935, 942-43 (10th Cir. 2003) ("In the context of misleading parking tickets, [standing] requires the putative violator to have: (i) received a parking ticket, (ii) been misled about the late fee, (iii) chosen not to contest the ticket for fear that the late fee would be assessed, and (iv) paid the ticket."); *Worthy v. City of Phenix City, Alabama*, No. 17 CV 73, 2017 WL 4478333, at *4 (M.D. Ala. Oct. 6, 2017) (standing required the plaintiff point to a deprivation of property, such as payment of a fine, not merely that the city's process was inadequate). Here, the fine originally assessed to Mr. Downs was paid by an anonymous third party, not Mr. Downs. As the fine has been satisfied, Defendants are not attempting to collect or assess it against Mr. Downs.

Less tangible harms, such as psychological or reputational harms often fall into the "conjectural or hypothetical" categories that do not confer standing. For example, the injury element is not satisfied by mere disagreement with a statute or adjudicator's decision. A "psychological consequence presumably produced by observation of conduct with which one disagrees" is not a sufficient injury to qualify for standing. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485 (1982); *Sevier v. Thompson*, 2018 WL 1378803, at *3 ("Mere disagreement with a court's decision does not constitute an injury cognizable under Article III.").

3

Vague, unsubstantiated, or nonspecific allegations of reputational injury are not sufficient to confer standing. In *Robertson v. Colvin*, 564 F. App'x 931, 934 (10th Cir. 2014), the recipient of disability benefits appealed an ALJ finding that she had mental disorders. The Tenth Circuit concluded that her allegation of reputational harm was insufficient to confer standing because her "conclusory and conjectural assertion that her reputation will be harmed" did not articulate an actual or imminent injury. *Id.* In *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972), the Supreme Court concluded that subjective chill on speech and parties' apprehensiveness about future misuse of information was not sufficient harm or threat of future harm. *C.f. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 413-14 (2013) (holding that a highly attenuated chain of possibilities, including speculation about what others might do, does not satisfy the injury requirement). In contrast, cases finding standing based on reputational harm all involved specific allegations supported by actual evidence, such as opinion polls and expert testimony. *Meese v. Keene*, 481 U.S. 465, 473-74 (1987) (noting that the plaintiff's claim of reputational harm was supported by detailed affidavits including one describing the results of an opinion poll and another containing the views of an experienced political analyst). No such evidence has been offered by Mr. Downs here.

Similarly, "where an effect on reputation is a *collateral* consequence of a challenged sanction, it is insufficient to support standing." *McBryde v. Comm. to Review Circuit Council*, 264 F.3d 52, 57-58 (D.C. Cir. 2001) (citing *Spencer v. Kemna*, 523 U.S. 1, 16-17 n. 8 (1998)). "[W]here reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III." *Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003). In such cases, courts require the plaintiff to point to some tangible, concrete harm. *Id.*

### b. Downs has not shown a legally cognizable injury.

Downs has not shown a concrete and particularized, actual injury. There is no injury to property because Mr. Downs did not pay the fine. It was paid anonymously by a third person. Downs does not claim nor has he shown any interest in the funds that were paid, and, having been satisfied, Utah County is not asking Downs to pay the fine. *See also Rector v. City & Cty. of Denver*, 348 F.3d at 942-43 (noting that a plaintiff must have paid the ticket to have standing).

Read most favorably, Downs' complaint vaguely alleges that he has suffered some sort of reputational harm. But the record is void of any evidence to support this allegation. In his deposition, Downs testified that the fine has not resulted in any change to the terms of his government employment. Downs Depo. at 74. In fact, his initial disclosures indicate that he was not making a claim for damages and during his deposition he was unable to articulate any economic loss related to the alleged reputational damage. *Id.* at 75. Downs chose not to designate any experts in this matter. Fact and expert discovery are now closed. Mr. Downs bears the burden of proof of standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. at 561. He has not met it. A complaint's vague allegation of reputational damage, unsupported by actual evidence or expert testimony, does not meet this requirement at the summary judgment stage. *Robertson v. Colvin*, 564 F. App'x at 934. In addition, any reputational harm was at most a collateral consequence of the $250 civil fine, and insufficient to confer standing. *McBryde v. Comm. to Review Circuit Council*, 264 F.3d at 57-58. Future harm with respect to an unknown and unidentified employer is speculative harm and does not meet the actual injury requirement. *See Clapper v. Amnesty Int'l USA*, 568 U.S. at 410-13, 1416 (holding that speculation about what

might happen in the future does not confer standing; costs incurred by plaintiffs to avoid risk of future harm did not give them standing).

In opposing Defendants' motion for summary judgment, Mr. Downs acknowledged his lack of actual injury with his statement: "this case is about principle." While perhaps interesting in concept, *principle* is not sufficient to confer standing. *C.f. Sevier v. Thompson*, No. 2:16-CV-659-DN-EJF, 2018 WL 1378803, at *4 (holding that plaintiffs failed to point to a cognizable injury; their complaints about the legitimacy of the Supreme Court's decision in *Obergefell* is not an injury in fact).

### C. Fairly Traceable and Redressability.

As Mr. Downs has failed to prove an actual, cognizable injury, it follows that he cannot show that the injury is "fairly traceable" to the action of the defendant "and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. at 560. No injury articulated and supported by Downs is "likely to be redressed by the requested relief." *Meese v. Keene*, 481 U.S. 465, 476 (1987) (quotation omitted). In *Rector*, the plaintiff received a parking ticket, paid it without challenging it, and later alleged that the ticket was deceptive because it did not explain that the late fee would be stayed if the person contested the ticket. The Tenth Circuit concluded that the traceable requirement was not met because the injury (payment of a fine) was traceable to the plaintiff's failure to challenge and lack of any legal defense, not the defendant's action of providing defective notice related to challenging the fine. 348 F.3d at 945. Here, Downs' alleged reputational harm, if any, was caused by the media coverage of the initial fine, not as a direct result of any of the due process allegations alleged.

In addition, Downs has not shown how his requested relief (judicial review of the Commissioners' decision, declaratory judgment, and a declaration that the hearing violated due

6

process) will somehow redress the alleged damage caused by media coverage. The requested relief would not, and could not, require non-parties such as the media or commenting citizens to retract news stories or public comments made over two years ago.[1]

## II. DOWNS LACKS STANDING TO BRING A DUE PROCESS CLAIM.

Even if Downs is able to point to evidence of a specific injury sufficient to establish standing on his appeal and declaratory judgment claims, his Due Process claim fails. It similarly should be dismissed for lack of standing. To have standing to bring a Due Process claim, a party must show that the alleged Due Process violation resulted in an injury to the constitutionally protected interests of life, liberty, or property. U.S. Const. Amend. XIV, § 1; *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) (noting that procedural due process only applies to interests enumerated in the Fourteenth Amendment).[2] The only potential injury suggested by Downs is injury to reputation. It is well-settled that reputation is not a liberty or property interest protected by Due Process. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1268 (10th Cir. 1989).

*Paul* and *Phelps* are instructive. In *Paul*, the plaintiff was arrested for shoplifting and the charges were dismissed, but his name and photograph were included on a flyer of "active shoplifters" that the police distributed to merchants in the area. 42 U.S. at 693. The plaintiff alleged that the flyer damaged his reputation and would impair his employment opportunities. The Supreme Court held that stigma and injury to reputation alone are insufficient to invoke the protections of Due Process. *Id.* at 701. In *Phelps*, a newspaper published an article about the

---

[1] Indeed, Downs' filing of this lawsuit and Orem's expenditure of tens of thousands of dollars to dispute a $250 fine that was paid by an anonymous third party before Downs filed this suit, and for which Downs will never be asked to pay, likely has caused more attention to and damage to his reputation than issuance of the civil fine.

[2] *See also Worthy v. City of Phenix City, Alabama*, No. 17 CV 73, 2017 WL 4478333, at *4 (M.D. Ala. Oct. 6, 2017) ("[T]he mere deprivation of process is not itself a constitutionally cognizable injury; rather, the injury must involve the deprivation of life, liberty, or property. And that injury must then be traceable to the challenged process.").

plaintiff that was based on a report prepared by the state attorney general's office and the plaintiff alleged that this harmed his reputation and employment opportunities. 886 F.2d at 1268. Citing *Paul*, the Tenth Circuit held that the alleged reputational harm was not a liberty or property interest protected by Due Process. *Id.*

Here, it is undisputed that Downs has not suffered any injury to property. He acknowledged in his deposition that he has suffered no negative employment consequences. The only potential (and disputed) injury is the complaint's allegation that his reputation was damaged by media coverage and people's comments, but no actual evidence supports this allegation, much less expert analysis. Evidence, of harm to reputation alone is, in any event, not an interest protected by the Due Process clause. Consequently, Downs lacks standing to bring a Due Process claim.

## **CONCLUSION**

For the foregoing reasons, Defendants request that this court dismiss all of Downs' claims for lack of standing.

DATED this 13th day of August, 2018.

                KIRTON McCONKIE

                By: /s/ Analise Quinn Wilson
                    Benson L. Hathaway, Jr.
                    Analise Quinn Wilson
                    Jackie Bosshardt
                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2018, a true and correct copy of the foregoing **DEFENDANTS' SUPPLEMENTAL BRIEF RE STANDING AND LEGAL INJURY** was served on the following by the method(s) indicated below:

| | |
|---|---|
| J. Brady Brammer | ( ) U.S. Mail, Postage Prepaid |
| SPAULDING LAW LLP | ( ) Hand Delivered |
| 1955 W. Grove Parkway, Suite 250 | ( ) Overnight Mail |
| Pleasant Grove, UT 84062 | ( ) Via email |
| | bbrammer@spauldinglaw.com |
| | (X) CM/ECF |

*Attorneys for Plaintiff*

/s/ Wendy Maynard