# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN DOWNS, Assistant to the Orem City Manager;<br><br>                             Petitioner,<br>v.<br><br>BRYAN THOMPSON, Utah County Clerk/Auditor, the BOARD OF COUNTY COMMISSIONERS OF UTAH COUNTY, and UTAH COUNTY, a political subdivision of the State of Utah,<br><br>                             Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00330<br><br>District Judge Dale A. Kimball |

       On August 1, 2018 the court held a hearing on Respondents Motion for Summary Judgment. At the hearing, the court ordered the parties to brief whether Petitioner Steven Downs has standing because the parties asserted that this case was over a $250 fine levied against Downs, but the fine had already been paid by an anonymous donor. In the briefing, Downs attached an email dated March 30, 2017, where he asked the Bryan Thompson, the Utah County Clerk, not to accept the anonymous payment. Exhibit Letter from County & Downs Response, Exh. 2, (Dkt. No. 48-2). The court therefore finds that the payment against Downs is still outstanding and Downs has therefore established a legal injury to confer standing. Accordingly, the court finds that Downs has standing to bring his claim.

       At the hearing, the parties noted that this was the first time that a fine has been levied pursuant to Utah Code Section 20A-11-1205. Pursuant to the statute, "[t]he applicable election officer shall impose a civil fine against a person who violates [the statute]. *Id*. The Respondent

asserts that Downs violated the statute by using the email of a public entity to advocate for or against a ballot proposition.

Rule 41(a) of the Utah Rules of Appellate Procedure provides that "the Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States when requested to do so by such certifying court . . . if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain." Utah R. App. P. 41(a). The certification order must state the "question of law to be answered," "that the question certified is a controlling issue of law in a proceeding pending before the certifying court," and "that there appears to be no controlling Utah law." *Id.* 41(c). Courts have found that certification is appropriate "when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001). A court should consider whether certification of the issue "would further the interest of comity and federalism by giving the Utah Supreme Court an opportunity to answer it in the first instance should it elect to do so under Utah R. App. P. 41." *See Ohio Cas. Ins. v. Unigard Ins. Co.*, 2009 WL 1160297 at *5 (10th Cir. April 28, 2009).

Because this is the first time a fine has been levied pursuant to Utah Code Section 20A-11-1205, the parties raised intricate issues involving Utah State law. These issues include: 1) Is there jurisdiction for a district court to review a Utah County Commissioners' decision upholding a fine levied pursuant to Utah Code Section 20A-11-1205; and 2) Does Utah Code Section 20A-11-1205 allow an election officer to levy a fine against a person who uses their public entity email to advocate against a proposed ballot proposition that has begun collecting

signatures when the proposed ballot proposition contains subject matter that is administrative in nature and therefore cannot be subject to referendum.

The court requests the parties' input in reformulating the above questions, or others, to certify to the Utah Supreme Court. The parties are ordered to submit their proposed questions by August 27, 2018. The parties' filings may not exceed seven pages.

Dated this 16th day of August, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge